v.

The STATE of Texas, Appellee.

No. C14–95–00147–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

March 9, 1995.

Rehearing Overruled April 6, 1995.

---

Brian Fischer, Houston, for appellant.

John B. Holmes, Jr., Houston, for appellee.

Before MURPHY, YATES and FOWLER, JJ.

## OPINION

PER CURIAM.

This is an appeal from a judgment by a juvenile court waiving jurisdiction to try appellant and transferring him to criminal court, Tex.Fam.Code Ann. § 54.02, signed October 11, 1994.

The transcript was due in this court December 12, 1994. Tex.R.App.P. 54(a). An extension of time in which to file the transcript may be granted if a timely motion is filed reasonably explaining the necessity for the delay. Tex.R.App.P. 54(c).

This Court does not have the authority to consider a motion filed more than fifteen days after the date the transcript is due. Tex.R.App.P. 54(a), (c). The transcript was received in this court on February 8, 1995. On February 8, 1995, appellant filed a motion to extend time to file the transcript and statement of facts. Appellant argues that we should apply to his appeal the rules of appellate procedure that govern criminal cases. Tex.R.App.P. 83 allows the court to grant a late-filed motion for an extension to file the record in criminal cases if appellant would be deprived of effective assistance of counsel. Although we sympathize with his argument, we cannot change the civil nature of juvenile proceedings. The court denied the untimely motion on February 23, 1995. On February 23, 1995, the court informed the parties of its intent to dismiss the appeal. Tex.R.App.P. 60(a)(2).

We have no authority to treat a transcript as a proper part of the appellate record for purposes of disposition of the appeal on its merits when the appellant has neither timely filed it, Tex.R.App.P. 54(a), nor filed a timely motion to extend time. *See Briscoe v. Gulf Supply Co.,* 612 S.W.2d 88 (Tex.Civ.App.— Fort Worth 1981, writ ref'd n.r.e.).

Accordingly, the appeal is ordered dismissed.