**In the Matter of M.S.**

No. 03–96–00430–CV.

Court of Appeals of Texas, Austin.

Feb. 27, 1997.

Barbara Ann Gibson, Austin, for appellant.

Ronald Earle, District Attorney, Jay Adkins, Assistant District Attorney, Austin, for appellee.

Before CARROLL, C.J., and ABOUSSIE and B.A. SMITH, JJ.

CARROLL, Chief Justice.

Appellant, a juvenile, was adjudicated delinquent for committing two counts of aggravated sexual assault of a child. *See* Tex. Fam.Code Ann. § 51.03 (West 1996); Tex. Penal Code Ann. § 22.021 (West 1994 & Supp.1997).[1] The district court of Travis County, sitting as a juvenile court, ordered appellant placed in the care and custody of the Texas Youth Commission. Appellant challenges the disposition order by two points of error. We will affirm the juvenile court's order.

## BACKGROUND

On March 23, 1995, ten-year-old K.G. disclosed to her stepfather that she had been sexually assaulted. Appellant, the juvenile suspected of perpetrating the crime, had been baby-sitting K.G. at the time of the alleged assault.

At a hearing on the State's petition to adjudicate delinquency, the State presented evidence that indicated sexual abuse had occurred and that M.S. was the perpetrator. The juvenile court found, among other things, that the State had proven beyond a reasonable doubt that appellant had committed sexual assault of a child. Accordingly, the court adjudged him delinquent. At a subsequent disposition hearing, the court

concluded that appellant should be placed outside of his home in the custody of the Texas Youth Commission. *See* Tex. Fam. Code Ann. § 54.04 (West 1996).

## DISCUSSION

### Late Filing of Statement of Facts

After appellant perfected his appeal, he failed to tender timely a statement of facts to this Court. Appellant timely sought leave to file a late statement of facts. *See* Tex.R.App. P. 54(c), 83. The motion was denied. In his second point of error, appellant contends the denial deprived him of his right to effective assistance of counsel and his right to appeal. *See* Tex. Fam.Code Ann. § 56.01 (West 1996). Appellant again requests leave to file a late statement of facts.

The procedures applicable to an appeal from an order of a juvenile court are the same as those in civil causes generally. Tex. Fam.Code Ann. § 56.01(b). This rule is not without exception, however, because of concerns arising from the quasi-criminal nature of juvenile proceedings. A juvenile proceeding, which may deprive a child of his liberty for a number of years, is comparable in seriousness to a criminal prosecution. *See In re Winship*, 397 U.S. 358, 365, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368 (1970). Presumably for that reason, many of the due process protections applicable to criminal proceedings apply also to juvenile proceedings, such as the right to appeal and the right to assistance of counsel. *See* Tex. Fam.Code Ann. § 56.01(d) (West 1996). However, at least one protection afforded criminal defendants is not currently afforded juveniles. Specifically, courts of appeals have the power to grant an appellant *in a criminal case* leave to file a late statement of facts even if the request is not timely, so long as the appellant shows he will be deprived of effective assistance of counsel if leave is not granted. *See* Tex.R.App. P. 83. Appellant argues application of the civil rule, as mandated by Texas Family Code section 56.01(b), deprives him of substantive rights afforded him by section

1. Section 22.021 of the Penal Code has been amended since the offense was committed. We, however, cite to the current code for convenience and because the amendments were not germane to the issues in this case.

56.01(d) because it does not take into account the effect of a missing statement of facts on his ability to obtain effective assistance of counsel.

Several other courts of appeals have struggled with the question of whether the criminal procedural rules regarding late filings should apply to civil juvenile proceedings and have refused to allow late filings in such cases. *See In re M.B. v. State*, 894 S.W.2d 82, 84 (Tex.App.—El Paso 1995, no writ); *In re J.W.D. v. State*, 903 S.W.2d 44, 45 (Tex. App.—Houston [14th Dist.] 1995, writ denied); *In re E.T.J. v. State*, 766 S.W.2d 871, 872 (Tex.App.—Dallas 1989, no writ). On the other hand, one court recently allowed a juvenile to file a late statement of facts. *See In re M.R.R. v. State*, 903 S.W.2d 49, 51–52 (Tex.App.—San Antonio 1995, no writ).

■ After considering the quasi-criminal nature of juvenile proceedings, the contradictory provisions of the Family Code, and the rules of appellate procedure, we conclude appellant should be allowed to file a late statement of facts. The right to appeal includes the right to a record for meaningful review. *Griffin v. Illinois*, 351 U.S. 12, 18–19, 76 S.Ct. 585, 590–91, 100 L.Ed. 891 (1956). The right to counsel includes the guarantee of effective assistance of counsel. *Evitts v. Lucey*, 469 U.S. 387, 395–96, 105 S.Ct. 830, 835–36, 83 L.Ed.2d 821 (1985). The Texas Court of Criminal Appeals has held that counsel's failure to file a statement of facts in a criminal case constitutes ineffective assistance because it operates to deny appellant an opportunity to present an appeal at a meaningful time and in a meaningful manner. *Ward v. State*, 740 S.W.2d 794, 800 (Tex.Crim.App.1987) (citing *Evitts*, 469 U.S. at 395–96, 105 S.Ct. at 835–36). The substantive rights to appeal and to effective assistance of counsel are imperative in juvenile cases and should not be denied because such cases have been labeled "civil." Just as a criminal appellant may be deprived of a meaningful appeal and effective assistance of counsel if his lawyer fails to file timely a statement of facts with the appellate court, so may a juvenile appellant. *See M.R.R.*, 903 S.W.2d at 51–52. Therefore, we believe the substantive provisions in Texas Family Code

section 56.01(d) require that we consider the effect of having no statement of facts on a juvenile appellant's ability to exercise his substantive rights. We hold juvenile cases should be treated as criminal cases for purposes of the application of Texas Rule of Appellate Procedure 83.

■ Because we believe the lack of a statement of facts might affect appellant's ability to obtain effective assistance of counsel, we grant appellant leave to file his late statement of facts. We note that in doing so, we do not abrogate the general rule that civil rules of procedure apply to juvenile cases. We simply recognize a limited exception to that rule to give effect to the substantive protections afforded juveniles in Family Code section 56.01(d). Because we are filing and considering the statement of facts, we need not consider appellant's second point of error.

### Legal Sufficiency of Evidence

In his first point of error, appellant contends the evidence is insufficient to support the juvenile court's disposition order. In order to commit a juvenile to the Texas Youth Commission, a juvenile court

> shall include in its order its determination that (1) it is in the child's best interest to be placed outside the child's home; (2) reasonable efforts were made to prevent or eliminate the need for the child's removal from the home; and (3) the child, in the child's home, cannot be provided the quality of care and level of support and supervision that the child needs to meet the conditions of probation.

Tex. Fam.Code Ann. § 54.04(i) (West 1996). The juvenile court included in the disposition order its determination that these criteria exist.

■ Absent a showing of an abuse of discretion, we will not disturb the juvenile court's findings. *In re C.C.*, 930 S.W.2d 929, 930 (Tex.App.—Austin 1996, no writ h.) (citing *In re J.P.O.*, 904 S.W.2d 695, 698 (Tex. App.—Corpus Christi 1995, writ denied)). In deciding whether the evidence is legally sufficient, we view the evidence in the light most favorable to the finding and determine

whether any rational trier of fact could have found the elements of the requirement proven beyond a reasonable doubt. *See P.L.W. v. State,* 851 S.W.2d 383, 387 (Tex.App.—San Antonio 1993, no writ).[2]

■ We conclude the record supports the disposition order. The evidence before the court at the disposition hearing reveals that appellant's home was not an ideal environment. The court summary reported that appellant and his siblings had been removed from their home in the past because of their mother's neglect. Appellant's mother was alleged to have had an alcohol problem in the past. The report also stated that appellant was not eligible to participate in sex offender group therapy so long as he maintained his innocence. According to the report, appellant's inability to participate in group therapy might make him unlikely to meet the conditions of probation. The court could reasonably have concluded beyond a reasonable doubt, based on this evidence, that it was not in appellant's best interest to remain in his home or in the community. Even if we reviewed the evidence under the standard applicable to civil cases, our decision in this case would not change. We conclude the evidence satisfies the criminal standard, which is more stringent; therefore, the evidence would certainly satisfy scrutiny under the less protective civil standard.

■ Appellant also complains that the court merely recited the statutory factors without documenting evidentiary support for those factors in its order. The Family Code requires only that the court include in its order the determination that the requirements are met. *See* Tex. Fam.Code Ann. § 54.05(i). The Code does not require the court to explain the evidentiary support for the conclusions in its order.

## CONCLUSION

We have filed and considered the late statement of facts. We have applied the *criminal* standard of review rather than the less stringent *civil* standard. Having done so, we conclude that the juvenile court did not abuse its discretion. We overrule appellant's challenge to the legal sufficiency of the evidence supporting the disposition order, and affirm the juvenile court's order.

2. Courts have struggled in attempting to decide the appropriate standard of review for reviewing challenges to the legal sufficiency of the evidence in juvenile cases. Strict application of the Texas Family Code could lead us to apply the civil standard. *See* Tex. Fam.Code Ann. §§ 51.17, 56.01(b) (West 1996); *see also In re M.R.,* 846 S.W.2d 97, 100 (Tex.App.—Fort Worth 1992), *writ denied per curiam,* 858 S.W.2d 365 (Tex. 1993). In civil cases, courts view the evidence and inferences tending to support the verdict and determine whether more than a scintilla supports the trial court's judgment. *See Burroughs Wellcome Co. v. Crye,* 907 S.W.2d 497, 499 (Tex. 1995). Some courts have applied, however, the standard of review used in criminal cases. *E.g., In re R.X.F. v. State,* 921 S.W.2d 888, 899 (Tex. App.—Waco 1996, no writ); *P.L.W.,* 851 S.W.2d at 387. That standard requires courts to consider the evidence in the light most favorable to the verdict and decide whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See id.* Other courts have applied yet another standard, which entails considering the evidence "as a whole" and determining whether the State met its burden of proof beyond a reasonable doubt. *E.g., In re G.M.P.,* 909 S.W.2d 198, 202 (Tex.App.—Houston [14th Dist.] 1995, no writ).

We choose to apply the criminal standard because the State bears the same burden of proof in a juvenile case as it does in a criminal case. *See* Tex. Fam.Code Ann. § 54.03(f) (West 1996). This conclusion is consistent with our earlier discussion of the fact that juvenile proceedings threaten to deprive juveniles of their liberty and are, thus, quasi-criminal in nature. We recognize the Texas Supreme Court has hinted that reliance on adult criminal cases in juvenile proceedings appears to conflict with the Texas Family Code. *See M.R.,* 858 S.W.2d at 366. However, the court has yet to reach the question of whether the adult criminal standard should nonetheless be applied to juvenile legal sufficiency challenges. *See id.*