TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00071-CV






In the Matter of F. F.









FROM THE COUNTY COURT AT LAW NO. 1 OF BELL COUNTY


NO. 161,375-C, HONORABLE EDWARD S. JOHNSON, JUDGE PRESIDING 






 Following a nonjury trial, the Juvenile Court of Bell County adjudicated appellant, F. F.,
to have engaged in delinquent conduct by committing the offense of aggravated assault, finding that
appellant both inflicted serious bodily injury and used and exhibited a deadly weapon during the commission
of the offense. See Tex. Penal Code Ann. § 22.02(a) (West 1994). The court committed appellant to the
Texas Youth Commission for twenty years. In his sole point of error, appellant contends the evidence is
legally insufficient because the State failed to prove that appellant had the required mental state for
aggravated assault. We will affirm.


FACTUAL AND PROCEDURAL BACKGROUND

 On September 29, 1996, appellant and another male approached the victim outside a
convenience store in Killeen, Texas, and asked for a ride. After the victim refused the request, appellant
punched him in the cheek hard enough to cause bleeding. Appellant and the other male ran off, and the
victim followed them in his truck. After losing appellant's trail near an apartment complex, the victim
stopped to question a woman who was standing outside. While the victim was stopped outside the
apartments, he was attacked again. Appellant and another man ran up and, after both had hit the victim
with metal table legs several times, appellant threw his table leg at the victim. The table leg struck the victim
in the head, penetrating his skull, where it remained stuck. The victim was transported to a local hospital,
where part of the table leg was cut off, before being taken to another hospital, where the table leg was
surgically removed. A City of Killeen police officer testified that the metal table leg had been embedded
about one and a half inches in the victim's skull.


DISCUSSION

 In reviewing the sufficiency of the evidence in a juvenile case, we use the sufficiency
standard for criminal cases. In re M.S., 940 S.W.2d 789, 792 (Tex. App.--Austin 1997, no writ). The
standard for reviewing the legal sufficiency of evidence in criminal cases is that set forth in Jackson v.
Virginia, 443 U.S. 307 (1970). The court must decide "whether, after viewing the evidence in the light
most favorable to the prosecution, any rational trier of fact could have found the essential elements of the
crime beyond a reasonable doubt." Clewis v. State, 922 S.W.2d 126, 127-29 (Tex. Crim. App. 1996).

 In this case, we conclude there is sufficient evidence to support the trial court's finding that
appellant had the required mental state for aggravated assault. To be guilty of the offense of aggravated
assault, a person must commit assault and, in addition, cause serious bodily injury to the victim or use a
deadly weapon while committing the assault. Tex. Penal Code Ann. § 22.02(a) (West 1994). A person
commits assault if he "intentionally, knowingly, or recklessly causes bodily injury to another." Id. §
22.01(a). There was sufficient evidence presented at the trial which, when viewed in the light most
favorable to the prosecution, could lead a rational trier of fact to conclude that appellant acted intentionally
to cause serious bodily injury to the victim. Appellant first struck the victim in the head with the metal table
leg. Appellant then threw the table leg with such force that it became lodged in the victim's skull and had
to be surgically removed. These circumstances clearly raise a reasonable inference that appellant intended
to cause the victim serious bodily injury.

 A consideration of inferences will almost always be necessary in determining a person's
mental state. Here, the inferences raised by the violence of appellant's actions and the force with which
he acted against the victim are ample evidence to permit a rational trier of fact to find that appellant acted
intentionally, knowingly, or recklessly in causing serious bodily injury to the victim.


CONCLUSION

 We overrule appellant's sole point of error and affirm the trial court's order.



 J. Woodfin Jones, Justice

Before Chief Justice Carroll, Justices Jones and Kidd

Affirmed

Filed: September 18, 1997

Do Not Publish



t because the State failed to prove that appellant had the required mental state for
aggravated assault. We will affirm.


FACTUAL AND PROCEDURAL BACKGROUND

 On September 29, 1996, appellant and another male approached the victim outside a
convenience store in Killeen, Texas, and asked for a ride. After the victim refused the request, appellant
punched him in the cheek hard enough to cause bleeding. Appellant and the other male ran off, and the
victim followed them in his truck. After losing appellant's trail near an apartment complex, the victim
stopped to question a woman who was standing outside. While the victim was stopped outside the
apartments, he was attacked again. Appellant and another man ran up and, after both had hit the victim
with metal table legs several times, appellant threw his table leg at the victim. The table leg struck the victim
in the head, penetrating his skull, where it remained stuck. The victim was transported to a local hospital,
where part of the table leg was cut off, before being taken to another hospital, where the table leg was
surgically removed. A City of Killeen police officer testified that the metal table leg had been embedded
about one and a half inches in the victim's skull.


DISCUSSION

 In reviewing the sufficiency of the evidence in a juvenile case, we use the sufficiency
standard for criminal cases. In re M.S., 940 S.W.2d 789, 792 (Tex. App.--Austin 1997, no writ). The
standard for reviewing the legal sufficiency of evidence in criminal cases is that set forth in Jackson v.
Virginia, 443 U.S. 307 (1970). The court must decide "whether, after viewing the evidence in the light
most favorable to the prosecution, any rational trier of fact could have found the essential elements of the
crime beyond a reasonable doubt." Clewis v. State, 922 S.W.2d 126, 127-29 (Tex. Crim. App. 1996).

 In this case, we conclude there is sufficient evidence to support the trial court's finding that
appellant had the required mental state for aggravated assault. To be guilty of the offense of aggravated
assault, a person must commit assault and, in addition, cause serious bodily injury to the victim or use a
deadly weapon while committing the assault. Tex. Penal Code Ann. § 22.02(a) (West 1994). A person
commits assault if he "intentionally, knowingly, or recklessly causes bodily injury to another." Id. §
22.01(a). There was sufficient evidence presented at the trial which, when viewed in the light most
favorable to the prosecution, could lead a rational trier of fact to conclude that appellant acted intentionally
to cause serious bodily injury to the victim. Appellant first stru