TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-97-00023-CV







In the Matter of E. P.







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT


NO. J-12,923, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING







 Following a nonjury trial, the district court of Travis County, sitting as a juvenile court,
adjudicated appellant, E. P., to have engaged in delinquent conduct by committing the offense of criminal
trespass by entering a habitation without consent. See Tex. Penal Code Ann. § 30.05 (West 1994 &
Supp. 1998). The court committed appellant to the Texas Youth Commission, and he perfected this
appeal. In his sole point of error, appellant contends that the juvenile court improperly adjudicated him
delinquent for the offense of criminal trespass because the evidence was legally insufficient to establish that
appellant entered a "habitation." We will affirm.


FACTUAL AND PROCEDURAL BACKGROUND

 On October 20, 1996 at 3:37 a.m., the Austin Police Department received a complaint that
one or more persons were in a vacant apartment at the Northgate Terrace Apartments. After receiving
verification from the apartment manager that apartment A-3 was indeed vacant, the officers knocked
repeatedly on the door and received no answer. With the manager's permission, the officers kicked open
the door and entered the apartment. After a failed request for the occupants to show themselves, the
officers discovered appellant and four other individuals hiding in the apartment.

 Apartment A-3 was vacant at the time of the incident, but was in the process of being
leased. It was part of a larger apartment complex, surrounded by approximately thirty-one other
apartments. Although it was unfurnished at the time of the occurrence, the apartment had both electricity
and water.

 The State filed a petition alleging E. P. had engaged in delinquent conduct by committing
the offense of criminal trespass by entering a habitation. (1) After a hearing, the trial court adjudicated E. P.
delinquent for having committed such offense and sentenced him to commitment to the Texas Youth
Commission. This appeal followed.


DISCUSSION

 In his sole point of error, appellant contends that the trial court erred in adjudicating him
delinquent for criminal trespass as alleged because the evidence failed to establish that apartment A-3 was
a "habitation" under the law. We disagree.


 When reviewing the legal sufficiency of evidence to determine whether the State has indeed
proven an element of the offense, this Court must look at all the evidence in the light most favorable to the
verdict. In addition, in juvenile cases we apply the criminal standard of review because the State bears the
same burden of proof as in criminal cases. In re M.S., 940 S.W.2d 789, 792 n.2 (Tex. App.--Austin
1997, no writ). (2)

 In applying the criminal standard of review, this Court does not ask whether it believes that
the evidence at trial established beyond a reasonable doubt that apartment A-3 was a "habitation." Instead,
the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution,
any reasonable trier of fact could have found that the apartment was a "habitation" beyond a reasonable
doubt. Jackson v. Virginia, 443 U.S. 307, 318-19 (1979); see Clewis v. State, 922 S.W.2d 126, 128-29 (Tex. Crim. App. 1996). The trier of fact is the exclusive judge of the credibility of witnesses and the
weight to be given their testimony and is free to accept or reject any or all of any witness's testimony. 
Adelman v. State, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992).

 The Texas Penal Code defines "habitation" as "a structure . . . that is adapted for the
overnight accommodation of persons." Tex. Penal Code Ann. § 30.01 (West 1994). The controlling
standard for determining whether a structure qualifies as a habitation under this definition is expressed in
Blankenship v. State, 780 S.W.2d 198 (Tex. Crim. App. 1989) (opinion on reh'g). The Blankenship
court noted that determining whether a structure is or is not suitable for the overnight accommodation of
persons is a "complex, subjective factual question fit for a jury's determination." Id. at 209. Factors to
be considered include whether the structure was being used as a residence at the time of the trespass;
whether the structure "contained bedding, furniture, utilities, or other belongings common to a residential
structure"; and whether the structure was of such character that it was likely intended to accommodate
persons overnight. Id. The Blankenship court explicitly offered an apartment as an example of this last
factor, and noted that "[a]ll of these factors are relevant; none are essential or necessarily dispositive." Id.

 We have reviewed all the evidence in the present case using the foregoing standard, and
we conclude that a reasonable trier of fact could have determined that apartment A-3 was "adapted for
the overnight accommodation of persons." At the time of the incident, the apartment was indeed vacant,
but had been occupied by a tenant until about two weeks before the offense. Apartment A-3 was in the
process of being leased and had both working water and electricity, as well as a kitchen, bathroom, and
bedroom. In addition, the apartment was not situated alone, but rather was surrounded by tenants,
sandwiched within a larger, active apartment complex. Based on the facts and circumstances of this case,
we conclude that the record contains sufficient evidence from which a rational trier of fact could have found
beyond a reasonable doubt that apartment A-3 was a "habitation" within the meaning of section 30.05(d)
of the Penal Code. We overrule appellant's sole point of error.


CONCLUSION

 Having overruled appellant's sole point of error, we affirm the judgment of the trial court.



 J. Woodfin Jones, Justice

Before Chief Justice Carroll, Justices Jones and Kidd; Chief Justice Carroll not participating

Affirmed

Filed: February 20, 1998

Publish
1. Criminal trespass is a Class B misdemeanor "unless it is committed in a habitation . . . in which event
it is a Class A misdemeanor." Tex. Penal Code Ann. § 30.05(d) (West 1994).
2. We acknowledge the criticism leveled at M.S. for applying the criminal appellate standard in an appeal
from a disposition order, the underlying findings of which do not require proof beyond a reasonable doubt
at trial. See In re A.S., 954 S.W.2d 855, 861 n.3 (Tex. App.--El Paso 1997, no writ). Because the
present appeal is from an adjudication order, however, we think the criminal standard of review is
appropriate. See Tex. Fam. Code Ann. § 54.03(f) (West 1996).



nal standard of review, this Court does not ask whether it believes that
the evidence at trial established beyond a reasonable doubt that apartment A-3 was a "habitation." Instead,
the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution,
any reasonable trier of fact could have found that the apartment was a "habitation" beyond a reasonable
doubt. Jackson v. Virginia, 443 U.S. 307, 318-19 (1979); see Clewis v. State, 922 S.W.2d 126, 128-29 (Tex. Crim. App. 1996). The trier of fact is the exclusive judge of the credibility of witnesses and the
weight to be given their testimony and is free to accept or reject any or all of any witness's testimony. 
Adelman v. State, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992).

 The Texas Penal Code defines "habitation" as "a structure . . . that is adapted for the
overnight accommodation of persons." Tex. Penal Code Ann. § 30.01 (West 1994). The controlling
standard for determining whether a structure qualifies as a habitation under this definition is expressed in
Blankenship v. State, 780 S.W.2d 198 (Tex. Crim. App. 1989) (opinion on reh'g). The Blankenship
court noted that determining whether a structure is or is not suitable for the overnight accommodation of
persons is a "complex, subjective factual question fit for a jury's determination." Id. at 209. Factors to
be considered include whether the structure was being used as a residence at the time of the trespass;
whether the structure "contained bedding, furniture, utilities, or other belongings common to a residential
structure"; and whether the structure was of such character that it was likely intended to accommodate
persons overnight. Id. The Blankenship court explicitly offered an apartment as an example of this last
factor, and noted that "[a]ll of these factors are relevant; none are essential or necessarily dispositive." Id.

 We have reviewed all the evidence in the present case using the foregoing standard, and
we conclude that a reasonable trier of fact could have determined that apartment A-3 was "adapted for
the overnight accommodation of persons." At the time of the incident, the apartment was indeed vacant,
but had been occupied by a tenant until about two weeks before the offense. Apartment A-3 was in the
process of being leased and had both working water and electricity, as well as a kitchen, bathroom, and
bedroom. In addition, the apartment was not situated alone, but rather was surrounded by tenants,
sandwiched within a larger, active apartment complex. Based on the facts and circumstances of this case,
we conclude that the record contains sufficient evidence from which a rational trier of fact could have found
beyond a reasonable doubt that apartment A-3 was a "habitation" within the meaning of section 30.05(d)
of the Penal Code. We overrule appellant's sole point of error.


CONCLUSION

 Having overruled appellant's sole point of error, we affirm the judgment of the trial court.



 J. Woodfin Jones, Justice

Before Chief Justice Carroll, Justices Jones and Kidd; Chief Justice Carroll not participating

Affirmed

Filed: February 20, 1998

Publish
1. Criminal trespass is a Class B misdemeanor "unless it is committed in a habitation . . . in which event
it is a Class A misdemeanor." Tex. Penal Code Ann. § 30.05(d) (West 1994).
2. We acknowledge the criticism leveled at M.S. for applying the criminal appellate standard in an appeal
from a disposition order, the underlying findings of which do not require proof beyond a reasonable doubt
at trial. See In re A.S., 954 S.W.2d 855, 861 n.3 (Tex. App.--El Paso 1997, no writ). Because the
present appeal is fro