TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00731-CV






In the Matter of A. P.








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT


NO. J-16,298, HONORABLE JEANNE MEURER, JUDGE PRESIDING






 Appellant, a juvenile, was adjudicated delinquent in a bench trial for committing
the crime of unauthorized use of a motor vehicle. Based upon previous offenses and a consistent
failure to abide by the terms of his earlier probation, the district court of Travis County, sitting
as a juvenile court, ordered appellant placed in the care and custody of the Texas Youth
Commission (the "Commission") for an indeterminate time not to exceed the time when appellant
reaches twenty-one years of age. In two points of error, appellant challenges the factual
sufficiency supporting the trial court's finding of delinquency and the disposition ordering
appellant into the care of the Commission. We will affirm the order of the trial court.


Background

 On the evening of September 9, 1997, Officer Donald Baker ("Baker") observed
a new Dodge van being driven by A.P., appellant. Noticing that appellant was not wearing a
seatbelt and believing appellant to be under the legal age to drive, Baker followed the van into the
parking lot of an apartment complex and initiated a stop. As Baker approached the vehicle, he
observed A.P. get out of the driver's seat and move towards the rear passenger area of the van. 
Peering into the van, Baker noted three youths seated inside, including A.P., previously the driver
of the van, seated on the rear bench seat. When asked for insurance, A.P. informed the officer
that he did not know whether the van was insured, that he did not have a driver's license, and that
he was fourteen years old.

 It is undisputed in the record that the van belonged to Advantage Rent-a-Car, that
there existed no rental contract on the van at the time of the stop, that A.P. operated the vehicle
prior to the stop, and that A.P. did not have consent from the rental company to drive the vehicle. 
The record does, however, contain conflicting testimony regarding A.P.'s knowledge of the
alleged ownership of the vehicle as well as a dispute regarding the way in which he gained
possession. Baker testified that A.P. told him at the time of the stop that A.P. did not know who
owned the van. Later, A.P. told the officer that the van belonged to or was rented by a man
named Darnell, apparently the father of one of the other two boys in the van. The other occupants
of the van, both also below the legal age to drive, testified that A.P. picked them up in the van. 
Both boys also testified that they did not know to whom the van belonged, though they knew the
van did not belong to A.P. Conversely, A.P. testified that the other two boys picked him up in
the van, that one of these boys had the keys because his father, the above mentioned Darnell, had
rented the van for his fourteen-year-old son, and that he, A.P., only drove the van because his
friend was operating the van in an unsafe manner.


Discussion


 In his first point of error, appellant challenges the factual sufficiency supporting the
trial court's finding that he engaged in the unauthorized use of a motor vehicle. Specifically,
appellant contends that the State failed to prove beyond a reasonable doubt that he knew that he
lacked consent to drive the van. We review factual sufficiency points by considering all the
credible evidence without the prism of "in the light most favorable to the prosecution" and set
aside the verdict "if it is so contrary to the overwhelming weight of the evidence as to be clearly
wrong and unjust." Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). In a factual
dispute as this one, however, the issue often turns on the credibility of testimony. The trial judge
in a bench trial is the sole trier of the facts, the credibility of the witnesses, and the weight to be
given their testimony, and may accept all or any part of the testimony given by the witnesses. 
Wright v. State, 603 S.W.2d 838, 840 (Tex. Crim. App. 1980). The trier of fact may believe or
disbelieve all or any part of a witness' testimony. Williams v. State, 692 S.W.2d 671, 676 (Tex.
Crim. App. 1984). And, the credibility of a witness is a matter for the trier of fact rather than the
court of appeals. Aquino v. State, 710 S.W.2d 747, 751 (Tex. App.--Houston [14th Dist.] 1986,
pet. ref'd).

 A person commits the offense of unauthorized use of a motor vehicle when he
intentionally or knowingly operates another's motor vehicle without the effective consent of the
owner. Tex. Penal Code Ann. §31.07(a) (West 1994). The culpable mental state must apply both
to the operation of the vehicle and the issue of effective consent. McQueen v. State, 781 S.W.2d
600, 603 (Tex. Crim. App. 1989). Appellant admits to knowingly operating the van. The
appellant challenges whether the evidence was factually sufficient to prove that he knew that he
was operating the van without effective consent. It remains undisputed that appellant did not have
the effective consent of the true owner, Advantage Rent-a-Car. An owner's testimony that a
defendant had no consent is generally sufficient in itself to prove defendant knew he had no
consent to operate the van. See McQueen, 781 S.W.2d at 604-05; see also White v. State, 844
S.W.2d 929, 932 (Tex. App.--Houston [1st Dist.] 1992, pet. ref'd). Appellant, however, raises
the defense of mistake of fact. The evidence tending to support appellant's contention that he
believed he did have effective consent, namely that he believed the van was rented by Darnell for
the use of his fourteen-year-old son who then gave appellant permission to drive, comes solely
from the testimony of appellant. No other evidence corroborates appellant's version of the events. 
Appellant's testimony conflicts with that of the other two boys and Baker. In making its
determination, the trial court apparently chose to disbelieve appellant or to believe as more
credible the testimony of Baker and the other two boys over appellant. Furthermore, appellant's
furtive conduct in getting out of the driver's seat as Baker approached the van, and his initial
admission that he did not know who owned the van, provides further evidence that appellant knew
he lacked effective consent to drive the van. We overrule appellant's first point of error.

 In his second point of error, appellant challenges the factual sufficiency supporting
the trial court's disposition ordering appellant placed in the care and custody of the Commission. 
Appellant complains that the unauthorized use of a vehicle is a state jail felony and that he should
therefore be assigned to sanction level three according to the progressive sanction guidelines in
the Juvenile Justice Code. See Tex. Fam. Code Ann. § 59.003, .006 (West 1996). Sanction level
three recommends several possible punishments, including probation, community service, and
restitution, but falls short of recommending commitment to the Commission. Tex. Fam. Code
Ann. § 59.006 (West 1996). As guidelines, however, these sanction recommendations are
advisory rather than binding. See Tex. Fam. Code Ann. § 59.003(e) (West 1996). When
committing a child into the care and custody of the Commission, a juvenile court must include in
its order the determination that (1) the disposition is in the child's best interest; (2) reasonable
efforts were made to prevent or eliminate the need to place the child outside the home; and (3) the
child, in the child's home, cannot obtain the quality of care necessary to meet the conditions of
probation. Tex. Fam. Code Ann. § 54.04(i) (West 1996). The trial court included these findings 
in the disposition order. Appellant complains that the court's order fails to recite evidentiary
support for its findings. Such documentation is not required by the Family Code. In re M.S., 940
S.W.2d 789, 792 (Tex. App.--Austin 1997, no writ). The Family Code requires only that the
court include in its order the determination that the statutory requirements are met. Id.

 In reviewing the factual sufficiency supporting the disposition order, we consider
and weigh all of the evidence in the case, and, if the finding is so against the great weight and
preponderance of the evidence as to be manifestly unjust, we set aside the judgement and remand
for a new trial. See In re A.S., 954 S.W.2d 855, 861 (Tex. App.--El Paso 1997). Absent a
showing of an abuse of discretion, the juvenile court's findings will not be disturbed. M.S., 940
S.W.2d at 791.

 We conclude that the record supports the disposition order of the court. The record
shows that appellant was already on ISP probation for assault, theft, and possession of marihuana
at the time of the instant offense. The record also reflects numerous incidents showing appellant's
disrespect for school authority and disrespect for the terms of his earlier probation. Appellant
skipped school and a scheduled visit with his probation officer the day he was stopped in the van
by Baker. Such flagrant disregard for the terms of a previous probation make it likely that any
new probation imposed would be treated with similar disdain. Under these conditions, we cannot
say that the court abused its discretion in going outside the progressive sanction guidelines and
ordering appellant into the care and custody of the Commission. We overrule appellant's second
point of error.


Conclusion

 There exists sufficient evidence in the record to support the trial court's adjudication
of delinquency for the crime of unauthorized use of a motor vehicle. And, appellant failed to
show the trial court abused its discretion because the record contains sufficient evidence supporting
the trial court's disposition ordering appellant into the care and custody of the Texas Youth
Commission. Having overruled appellant's two points of error, we affirm the order of the trial
court.




 Mack Kidd, Justice

Before Justices Powers, Aboussie and Kidd

Affirmed

Filed: October 8, 1998

Do Not Publish



rthermore, appellant's
furtive conduct in getting out of the driver's seat as Baker approached the van, and his initial
admission that he did not know who owned the van, provides further evidence that appellant knew
he lacked effective consent to drive the van. We overrule appellant's first point of error.

 In his second point of error, appellant challenges the factual sufficiency supporting
the trial court's disposition ordering appellant placed in the care and custody of the Commission. 
Appellant complains that the unauthorized use of a vehicle is a state jail felony and that he should
therefore be assigned to sanction level three according to the progressive sanction guidelines in
the Juvenile Justice Code. See Tex. Fam. Code Ann. § 59.003, .006 (West 1996). Sanction level
three recommends several possible punishments, including probation, community service, and
restitution, but falls short of recommending commitment to the Commission. Tex. Fam. Code
Ann. § 59.006 (West 1996). As guidelines, however, these sanction recommendations are
advisory rather than binding. See Tex. Fam. Code Ann. § 59.003(e) (West 1996). When
committing a child into the care and custody of the Commission, a juvenile court must include in
its order the determination that (1) the disposition is in the child's best interest; (2) reasonable
efforts were made to prevent or eliminate the need to place the child outside the home; and (3) the
child, in the child's home, cannot obtain the quality of care necessary to meet the conditions of
probation. Tex. Fam. Code Ann. § 54.04(i) (West 1996). The trial court included these findings 
in the disposition order. Appellant complains that the court's order fails