# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-04-00409-CV

In the Matter of M.C.

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
NO. J-24,218, HONORABLE WILLIAM D. KING, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

M.C. appeals from a judgment of a trial court that he had engaged in delinquent conduct by knowingly or intentionally making abusive or harassing statements in a 911 telephone call to a "public safety answering point" employee in violation of the Texas Penal Code. *See* Tex. Pen. Code Ann. § 42.061 (West 2003). In two points of error, M.C. challenges the legal and factual sufficiency of the evidence. We affirm the trial court's judgment.

## FACTS

On February 11, 2004, after walking around in a classroom at school, M.C. picked up the classroom telephone receiver and said, "I'm going to call 911." The teacher and teacher's assistant both testified that M.C. then dialed three numbers, made a statement that his teacher was killing or harming him, and hung up and left. The school's associate principal testified that he received a call from police dispatch notifying him of the 911 call and the number of the telephone

from which the call was made. He determined that the phone number was that of the phone in the classroom where M.C. made the call. He then notified the school resource officer, who testified that he confirmed with the dispatcher that they received a 911 call. At the hearing, in response to questioning from M.C.'s attorney, the officer confirmed that he got the phone number from which the 911 call originated from the dispatcher, who got it from the "911 operator."

M.C. appeals on the ground that the evidence is legally and factually insufficient to support the conclusion that the phone call was made to a "public safety answering point" employee within the statute.

**ANALYSIS**

Evidence is legally sufficient if, in view of the evidence in a light most favorable to the finding, any rational trier of fact could have found the elements of the offense proven beyond a reasonable doubt. *In re M.S.*, 940 S.W.2d 789, 791-92 (Tex. App.—Austin 1997, no writ). Evidence is factually insufficient if, in view of the evidence in a neutral light, it is so weak as to be clearly wrong and manifestly unjust. *In re J.D.P.*, 85 S.W.3d 420, 422-23 (Tex. App.—Fort Worth 2002, no pet.). The reviewing court gives due deference to the fact finder's determinations and finds factual insufficiency only where necessary to prevent manifest injustice. *Id.* at 423.

M.C. was found to have violated Texas Penal Code section 42.061, which provides:

(a) In this section "9-1-1 service" and "public safety answering point" or "PSAP" have the meaning assigned by Section 772.001, Health and Safety Code.

(b) A person commits an offense if the person makes a telephone call to 9-1-1 when there is not an emergency and knowingly or intentionally:

2

> (1) remains silent; or
>
> (2) makes abusive or harassing statements to a PSAP employee.

Tex. Pen. Code Ann. § 42.061. A "public safety answering point" is a communications facility that:

> (A) is operated continuously;
>
> (B) is assigned the responsibility to receive 9-1-1 calls and, as appropriate, to dispatch emergency response services directly or to transfer or relay emergency 9-1-1 calls to other public safety agencies;
>
> (C) is the first point of reception by a public safety agency of a 9-1-1 call; and
>
> (D) serves the jurisdictions in which it is located or other participating jurisdictions.

Tex. Health & Safety Code Ann. § 772.001(13) (West 2003).

M.C. contends that the evidence was factually and legally insufficient to support the conclusion that M.C. placed a call to a person identified in the statute. Based on the teacher's testimony that M.C., in the classroom and in her presence, said, "I'm going to call 911," and the teacher's observation that "he punched three buttons," a rational trier of fact could find that M.C. made a 911 call. The school resource officer also testified that he got the telephone number from which the call originated from the dispatcher who got it from the "911 operator" and that the call was received by the communications facility that is "assigned the responsibility to receive 9-1-1 calls," and, more specifically, an employee of such facility. *Id.* A rational trier of fact could find that the "911 operator" who received the call according to the testimony of the officer is an employee of the facility that is "assigned the responsibility to receive 9-1-1 calls." *Id.* Thus, viewing the evidence

3

in a light favorable to the finding, a rational trier of fact could find that the harassing phone call was made to a "public safety answering point" employee. Thus, the evidence was legally sufficient.

The evidence was also not so weak as to be clearly wrong. On the contrary, based on the testimony of the officer, a fact finder could conclude that M.C.'s harassing 911 phone call was made to a "public safety answering point" employee. Giving due deference to the fact finder's determination, we cannot say that the evidence was factually insufficient.

## CONCLUSION

Because we conclude that the evidence was legally and factually sufficient to support the trial court's finding that the call was made to a "public safety answering point" employee, we overrule M.C.'s points of error and affirm the judgment.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed:   June 23, 2005