

# IN THE
# TENTH COURT OF APPEALS

## No. 10-08-00126-CV

## IN THE MATTER OF J.L.H., A JUVENILE

From the 82nd District Court
Robertson County, Texas
Trial Court No. 07-11-00973 JV

## MEMORANDUM OPINION

J.L.H., a juvenile, was adjudicated delinquent in Harris County, Texas based on a charge of assault on a public servant. TEX. FAM. CODE ANN. § 54.03 (Vernon Pamp. 2008); TEX. PENAL CODE ANN. § 22.01(a), (b)(1) (Vernon Supp. 2008). The case was transferred for a disposition hearing to the child's home county of Robertson County where the child was being detained on another offense. After a hearing, the trial court committed J.L.H. to the Texas Youth Commission. We affirm.

### INEFFECTIVE ASSISTANCE OF COUNSEL

J.L.H. contends in her first issue that her counsel at the disposition hearing was ineffective. She points to a variety of "failures" by counsel to support her claim.

A juvenile has the right to effective assistance of counsel. *See In re Gault*, 387 U.S. 1, 41, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). This record, however, is undeveloped and

cannot adequately reflect the motives behind counsel's alleged failures to take certain actions. *See Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). Counsel should ordinarily be afforded an opportunity to explain his actions. *Id*. Absent such an opportunity, an appellate court should not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Id*. (citing *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)).

The disposition hearing was conducted in an informal manner. Neither J.L.H.'s counsel nor her ad litem objected to the informality of the proceeding. Based upon this record, we cannot conclude J.L.H. established that counsel's performance was "so outrageous" that it fell below the objective standard of reasonableness, and thus, satisfied the first prong of *Strickland*. *See id.; see also Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Her first issue is overruled.

## MEANINGFUL REVIEW

In her second issue, J.L.H. argues she was denied the right to a meaningful review on appeal because the record fails to show what evidence the trial court considered at the disposition hearing. Specifically, J.L.H. contends the documents named by the State that it "offered" to the court do not appear in the clerk's or reporter's records.

Section 54.04(b) of the Texas Family Code allows the court to consider "written reports from probation officers, professional court employees, or professional consultants in addition to the testimony of witnesses." TEX. FAM. CODE ANN. § 54.04(b) (Vernon Pamp. 2008). J.L.H. relies on *In re M.S.* as support for the proposition that

"without a full record, appellant has been denied the right to a meaningful review of the trial court's order." Appellant's brief at 12; *In re M.S.*, 940 S.W.2d 789 (Tex. App.—Austin 1997, no pet.). But *M.S.* is distinguishable. In that case, the appellate court was contemplating whether to allow the late filing of a statement of facts when the rules of appellate procedure did not provide for such in the context of a civil appeal. *In re M.S.*, 940 S.W.2d at 790-791. That is not the scenario presented here.

As stated earlier, this was an informal hearing, about which no one complained at trial or has complained on appeal. The State offered the social history report, which it believed was in the court's file, any documents from the detention center, any testimony that had already been presented to the court, the offense reports from the pending charge in Robertson County, and "everything about [J.L.H.]."

Granted, there are no documents from the detention center and no offense reports in the record. But contrary to J.L.H.'s assertion, the record does contain some of what the State offered. In the clerk's record is a Juvenile Probation Report which appears to have been prepared by the Harris County Juvenile Probation Department. There is also a two-page report with a cover letter by a juvenile probation officer for Falls, Milam, and Robertson Counties. Both reports contain information, such as family background, a criminal history, and a recommendation by the probation department, which the trial court might need in making a disposition determination. Thus, either of these reports could be the "social history report"[1] mentioned by the State. Additionally,

---

[1] Social history reports appear to be prepared by juvenile probation officers. *See generally In re A.F.*, 895 S.W.2d 481 (Tex. App.—Austin 1995, no pet.).

the reporter's record contains testimony of the juvenile probation officer, recollections by the trial court as to what had happened earlier in J.L.H.'s case, and statements by the State, counsel for J.L.H., and the ad litem for J.L.H. We find J.L.H. has a full record available for review on appeal.

J.L.H. further complains that the trial court's Dispositional Order of Commitment to the Texas Youth Commission lists two exhibits as support for the required findings which are not actually attached as stated in the order. *See* TEX. FAM. CODE ANN. § 54.04(i) (Vernon Pamp. 2008). The trial court need not state any reasons or provide support for why it made the required findings. *See In re M.S*, 940 S.W.2d at 792. Therefore, the fact that documentation mentioned is missing from the order does not mean there is no ability to have a meaningful review of her appeal.

Because J.L.H. has a full record on appeal, she has not been deprived of a meaningful appellate review. Her second issue is overruled.

ABUSE OF DISCRETION

In her third issue, J.L.H. asserts that the trial court abused its discretion in committing her to the Texas Youth Commission. The Texas Family Code permits the trial court to commit a child to the Texas Youth Commission if: "(1) it is in the child's best interest to be placed outside the home; (2) reasonable efforts were made to prevent or eliminate the need for the child's removal from the home and to make it possible for the child to return to the child's home; and (3) the child, in the child's home, cannot be provided the quality of care and level of support and supervision that the child needs to meet the conditions of probation." TEX. FAM. CODE ANN. § 54.04(i) (Vernon Pamp.

2008). After a juvenile has been adjudicated delinquent, the court has broad discretion to determine disposition. *In re C.J.H.*, 79 S.W.3d 698, 702 (Tex. App.—Fort Worth 2002, no pet.). We will not reverse the juvenile court's decision unless it abused its discretion. *Id.*

A review of the record shows that J.L.H. was adjudicated delinquent for the offense of assault on a public servant. At the time of the disposition hearing, she was in the custody of the Department of Family and Protective Services and had been for over two years. She had previous contacts with the authorities for assault, family violence, and had, at the time of the disposition hearing, a pending charge of aggravated assault with a deadly weapon. At the time of the pending charge, J.L.H. was living with her mother, without the approval of the Department. J.L.H.'s mother was unemployed and lacked the discipline skills to handle J.L.H. Her mother also had pending charges for assaulting the mother's other daughter. The Department did not have another placement for J.L.H. J.H.L. ran away from the last placement in which she resided because the placement was in the process of closing down and the Department was going to move her. This was not the first time J.H.L. had run away from placement. J.L.H. was combative in placements. Further, J.L.H. had been in a detention facility since January of 2008. She was disruptive in the facility and was suspended from the facility's school.

Based on a review of the record, the trial court did not abuse its discretion in committing J.L.H. to the Texas Youth Commission. Her third issue is overruled.

## CONCLUSION

Having overruled each of the issues presented on appeal, we affirm the trial court's disposition order.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
  Justice Reyna, and
  Justice Davis
Affirmed
Opinion delivered and filed January 28, 2009
[CV06]