**Opinion issued December 11, 2014**



**In The**

# Court of Appeals

**For The**

# First District of Texas

————————————

## NO. 01-13-00844-CV

———————————

## IN THE MATTER OF J.B.

———

**On Appeal from the 314th District Court**
**Harris County, Texas**
**Trial Court Case No. 2013-02490J**

———

## MEMORANDUM OPINION

J.B., a juvenile, was charged with aggravated robbery with a deadly weapon. *See* TEX. PENAL CODE ANN. § 29.03 (West 2011). Pursuant to a plea agreement with the State, J.B. stipulated to evidence of his guilt and pleaded "true" to the State's charge. The trial court accepted the stipulation, adjudicated J.B. delinquent, and in accordance with J.B.'s agreement with the State, entered a

disposition of 18 months' probation. On appeal, J.B. argues that his plea was involuntary and that the trial court erred in accepting it based on an erroneous belief that aggravated robbery could be committed with a toy gun. J.B. also argues that the trial court erred in making findings pursuant to Section 54.04 of the Family Code when no evidence in the record supports the findings. We affirm.

## Background

J.B. stipulated that, while committing theft of property from the complainant, he exhibited a firearm. The following exchange occurred after the trial court admonished J.B. and before the trial court accepted the stipulation:

> The Court: I'm going to show you your stipulation of evidence. Is this your signature?
>
> J.B.: Yes, ma'am.
>
> The Court: Did you sign it because it's true?
>
> J.B.: No, ma'am.
>
> (Speaking simultaneously.)
>
> The Court: Is it true?
>
> Defense counsel: Tell her what you're—
>
> J.B.: Yes, ma'am.
>
> The Court: This charge is true?
>
> J.B.: Yes, ma'am.
>
> The Court: You signed it because it's true?

2

J.B.:  Yes, ma'am.

The trial court then accepted the signed stipulation, in which J.B. waived his right to a jury trial, and adjudicated J.B. delinquent.

Following the adjudication of delinquency, the trial court considered disposition.  The probation report was admitted without objection.  The trial court confirmed that J.B.'s agreement with the State was for 18 months' probation.  The trial court then asked whether a weapon was used and whether there were coactors.

Defense counsel:  No.

The Court:  No?

The State:  No coactors, Your Honor.

The Court:  But he had a gun? Where'd he get the gun from?

J.B.:  I didn't have a gun, ma'am.

Defense counsel:  It wasn't a real gun, but it was—

The Court:  No bullets?

Defense counsel:  The complainant thought it was a gun.

The Court:  Blanks? No bullets in it?

Defense counsel:  Toy.

J.B.:  No, ma'am.

The Court:  Well, you scared somebody. The fact that you scared them is enough. Whether it was real or not is another issue; but the fact that you scared somebody and you're charged with a felony is pretty serious.

3

The parties then discussed the terms of probation, and the trial court accepted the recommendation of 18 months' probation.

**Plea**

In his first issue, J.B. contends that his plea was not voluntary, knowing, or intelligent because it was premised on his, his attorney's, and the trial court's erroneous belief that aggravated robbery could be committed with a toy gun.

**A.      Standard of Review and Juvenile Pleas**

To satisfy due process, a guilty plea "must be entered knowingly, intelligently, and voluntarily." *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006); *see also* TEX. CODE CRIM. PROC. ANN. art. 26.13(b) (West Supp. 2014) (requiring that guilty plea be made voluntarily and freely). In examining the voluntariness of a guilty plea, we examine the record as a whole. *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998). When the record reflects that a defendant was duly admonished by the trial court before entering a guilty plea, it constitutes a prima facie showing that the plea was both knowing and voluntary. *Id.* Section 54.03(b) of the Family Code sets forth the admonishments required in juvenile proceedings:

(1) the allegations made against the child;

(2) the nature and possible consequences of the proceedings, including the law relating to the admissibility of the record of a juvenile court adjudication in a criminal proceeding;

4

(3) the child's privilege against self-incrimination;

(4) the child's right to trial and to confrontation of witnesses;

(5) the child's right to representation by an attorney if he is not already represented; and

(6) the child's right to trial by jury.

TEX. FAM. CODE ANN. § 54.03(b) (West 2014).  When the record demonstrates that the defendant was properly admonished, the burden then shifts to the defendant to show that he entered the plea without understanding the consequences of his actions and was harmed as a result.  *Martinez*, 981 S.W.2d at 197.  "The trial court is not required to withdraw a plea of guilty *sua sponte* and enter a plea of not guilty for a defendant when the defendant enters a plea of guilty before the court after waiving a jury, even if evidence is adduced that reasonably and fairly raises an issue as to his guilt."  *Rivera v. State*, 123 S.W.3d 21, 32–33 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd) (citing *Thomas v. State*, 599 S.W.2d 823, 824 (Tex. Crim. App. 1980)).

## B.    Robbery with a Toy Gun versus a Real Gun

Whether the defendant used a real gun or a toy gun in committing a robbery affects the type of crime committed.  If the defendant uses a real gun in robbing the complainant, he is guilty of aggravated robbery.  *See* TEX. PENAL CODE ANN. § 29.03(a)(2).  If the gun is a toy, however, the defendant is guilty of robbery only.  *See* TEX. PENAL CODE ANN. § 29.02(a)(2) (West 2011); *Payne v. State*, 790 S.W.2d

5

649, 652 n.3 (Tex. Crim. App. 1990).  In *Payne*, the defendant moved to withdraw his guilty pleas after he testified in open court during sentencing that he used a toy gun, and not a real gun, when committing four robberies.  790 S.W.2d at 651–52. He testified that he did not tell his lawyer that the gun was a toy because he did not know that it mattered and that he signed his pleas without knowing that he could not be convicted for aggravated robbery if he used a toy gun.  *Id.* at 651.  The trial court refused the defendant's motion to withdraw his pleas, but the Court of Criminal Appeals reversed, holding the defendant's testimony raised an issue regarding the voluntariness of his confessions.  *Id.* at 652.

## C.    Analysis

Here, the record reflects that the trial court admonished J.B., who was represented by counsel, regarding the allegations against him, the consequences of the proceeding, including the admissibility of his juvenile record in criminal proceedings, his right to remain silent, and his right to trial, a trial by jury, and to confront witnesses.  *See* TEX. FAM. CODE ANN. § 54.03(b).  Thus, J.B. bears the burden to show that he entered his plea without understanding the consequences of his actions and was harmed as a result.  *See Martinez*, 981 S.W.2d at 197.

In support of his claim that his plea was involuntary, J.B. points to the portion of the record in which he told the trial court that the gun he used was a toy. But this occurred *after* he waived a jury and the trial court accepted his plea and

6

adjudicated him delinquent. Thus, the question we consider is not whether the trial court erred in accepting the plea, but, rather, whether it erred in failing to withdraw the plea after J.B. asserted during the disposition inquiry that the gun he used in the robbery was a toy. *See Rivera*, 123 S.W.3d at 32–33.

The record does not reflect that J.B. requested that he be allowed to withdraw his plea. *See Thomas*, 599 S.W.2d at 824 (where defendant is admonished and does not request to withdraw plea, court reviews only whether trial court should have withdrawn plea). And "[t]he trial court is not required to withdraw a plea of guilty *sua sponte* and enter a plea of not guilty for a defendant when the defendant enters a plea of guilty before the court after waiving a jury, even if evidence is adduced that reasonably and fairly raises an issue as to his guilt." *Rivera*, 123 S.W.3d at 32–33.

The primary case upon which J.B. relies, *Payne*, involves a defendant who affirmatively requested that the trial court permit him to withdraw his plea. 790 S.W.2d at 651–52. *Payne* thus does not support J.B.'s argument that the trial court erred because J.B. never asked the trial court to allow him to withdraw his plea, and the trial court was not required to withdraw J.B.'s plea sua sponte. *See Thomas*, 599 S.W.2d at 824; *Rivera*, 123 S.W.3d at 32–33; *see also Lawal v. State*, 368 S.W.3d 876, 882 n.1 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (*Payne* is distinguishable from cases where no timely motion to withdraw plea was made

because in *Payne* a timely motion to withdraw plea was raised during plea hearing).

Moreover, in the other cases relied upon by J.B., *In re T.W.C.*, 258 S.W.3d 218 (Tex. App.—Houston [1st Dist.] 2008, no pet.), *In re S.F.*, 2 S.W.3d 389 (Tex. App.—San Antonio 1999, no pet.), and *In re E.Q.*, 839 S.W.2d 144 (Tex. App.—Austin 1992, no writ), the record affirmatively showed that the juvenile was misadvised and would not have entered a guilty plea but for the faulty advice. Here, the record does not affirmatively show that J.B. was misadvised. To the extent that J.B. argues that his plea or his failure to withdraw the plea was the result of faulty advice amounting to ineffective assistance of counsel, it is J.B's burden to prove ineffective assistance by showing that (1) counsel's performance was so deficient that counsel was not functioning as acceptable counsel under the Sixth Amendment, and (2) but for counsel's error, the result of the proceedings would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984).

J.B.'s appellate counsel filed a motion for new trial, but did not allege that his trial counsel was ineffective, and no hearing was held on the motion. The motion sought only a new trial or in the alternative, a modified judgment striking the deadly weapon finding, and did not seek to withdraw J.B.'s plea. Nothing in the record demonstrates why J.B.'s trial counsel did not seek to withdraw his guilty

8

plea or what advice J.B.'s trial counsel gave him. Moreover, the probation report indicates that the complainant stated that J.B. pointed a black semi-automatic pistol at him and told the complainant that he would shoot him if he followed J.B. On this record, we cannot determine what, if any, conflicting evidence may have informed counsel's recommendations or J.B.'s decision to plead guilty. Accordingly, we must presume that counsel acted reasonably. *See Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003) (ordinarily, courts will not find counsel ineffective where counsel has not been afforded an opportunity to explain actions because presumption that counsel acted reasonably has not been rebutted); *Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999) (where record is silent regarding reasons for counsel's actions, presumption of reasonableness is not rebutted). We note, however, that the appeal procedures in the Family Code do "not limit a child's right to obtain a writ of habeas corpus." TEX. FAM. CODE ANN. § 56.01(o) (West 2014); *see In re Hall,* 286 S.W.3d 925, 926–27 (Tex. 2009) (juvenile court had jurisdiction to hear writ of habeas corpus); *In re R.G.*, 388 S.W.3d 820, 824 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (juvenile court had jurisdiction to entertain application for writ of habeas corpus). The Court of Criminal Appeals has recognized that a defendant who shows that he pleaded guilty to aggravated robbery because his counsel did not inform him that aggravated robbery cannot be proven if a toy gun was used may be entitled to

habeas relief. *See Ex Parte Carriker*, No. WR-77916-01, 2012 WL 3600313, at *1 (Tex. Crim. App. Aug. 22, 2012).

Accordingly, we hold that, on this record, J.B. has not met his burden to show that his plea was involuntary, the trial court did not err in failing to withdraw J.B.'s plea, and J.B. is not entitled to reversal based upon his ineffective assistance claim. *See Thomas*, 599 S.W.2d at 824 (following acceptance of possession of controlled substance plea, defendant's testimony that she did not buy drug or know she had it did not require trial court to sua sponte withdraw guilty plea); *Rivera*, 123 S.W.3d at 32–33 (where defendant argued on appeal that he involuntarily pleaded guilty due to ineffective assistance of counsel, trial court did not err in failing to sua sponte withdraw guilty plea); *see also Quintanilla v. State*, No. 01-02-00722-CR, 2003 WL 1938224, at *2 (Tex. App.—Houston [1st Dist.] Apr. 24, 2003, pet. ref'd) (where appellant never requested to withdraw guilty plea but claimed during sentencing that he committed offense because family's safety was threatened, trial court did not err in failing to sua sponte withdraw plea).

We overrule J.B.'s first issue.

## Section 54.04 Findings

In his second issue, J.B. contends that the trial court abused its discretion in making findings pursuant to Section 54.04 of the Family Code when there was no evidence admitted to support the findings.

## A.     Standard of Review

Absent an abuse of discretion, a juvenile court's findings should not be disturbed. *In re E.J.L*, No. 01-02-00472-CV, 2003 WL 1995454, at \*4 (Tex. App.—Houston [1st Dist.] May, 1, 2003, pet. denied) (mem. op., not designated for publication) (citing *In re M.S.*, 940 S.W.2d 789, 791 (Tex. App.—Austin 1997, no pet.)). The legal and factual sufficiency of the evidence to support the trial court's findings under Section 54.04 are not independent grounds of error, but are relevant factors in determining whether the trial court abused its discretion. *Id.* (citing *In re C.J.H.*, 79 S.W.3d 698, 702 (Tex. App.—Fort Worth 2002, no pet.). "An appellate court must uphold the trial court's evidentiary ruling if there is any legitimate basis in the record for the ruling." *In re C.J.H.*, 79 S.W.3d at 705.

## B.     Analysis

J.B. contends that the trial court's findings that "Disposition should be made for the child's protection and the protection of the public," and "Disposition is in the best interests of said child's health, safety, morals and education," are unsupported by the record. J.B.'s contention is based on his claim that no written reports from probation officers, professional court employees, or professional consultants were included in the record. However, Exhibit P-2, the probation report, was admitted at the hearing. The court reporter originally failed to file the

11

exhibit volume in this appeal, but after J.B. filed his brief, the State requested that the court reporter supplement the record with the admitted exhibits, and she did so.

The probation report addresses J.B.'s home life and his school record. J.B. has been suspended for tardiness and fighting. The report states that J.B. does not get along with his stepfather. He reported that he was once homeless for four or five months, and his mother reported he ran away once, but was only gone for one day. The report states that J.B. tested positive for marijuana use. The report provides information about J.B.'s mental and emotional condition and recommendations from a reviewing psychologist. Among other things, the psychologist states that J.B. would benefit from services "that would allow his behavior to be more closely monitored."

This evidence is sufficient to support the trial court's findings that the disposition "should be made for the child's protection and the protection of the public," and "is in the best interests of said child's health, safety, morals and education." *See* TEX. FAM. CODE ANN. § 54.04(b) (West 2014) ("At the disposition hearing, the juvenile court . . . may consider written reports from probation officers, professional court employees, or professional consultants . . . ."). On this record, we hold that the trial court did not abuse its discretion in making the complained-of findings. *See id.*

We overrule J.B.'s second issue.

## Conclusion

We affirm the trial court's judgment.

Rebeca Huddle
Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.