553 S.W.2d 827 (1977)
In the Matter of D. M. G. H., Appellant.
No. 6605.
Court of Civil Appeals of Texas, El Paso.
July 13, 1977.
Highsmith & Highsmith, Thomas E. Highsmith, El Paso, for appellant.
George N. Rodriguez, Jr., County Atty., James H. Luckett, Asst. County Atty., El Paso, for appellee.

*828 OPINION
PRESLAR, Chief Justice.
This appeal is from a judgment finding that Appellant engaged in delinquent conduct. The finding of delinquency is based on Appellant's written statement which she contends should not have been admitted into evidence because of certain violations of the Juvenile Code by the arresting officers. We reverse the judgment.
The facts are that Appellant was arrested at 12:30 o'clock p. m., was then held in custody at a police substation from that time until taken before a magistrate at 7:25 o'clock p. m., and at 10:20 o'clock p. m. she was delivered to the juvenile detention facility. The Appellant was sixteen years of age, six months pregnant, and was not provided with any meals until delivered to the juvenile detention facility, although she was given a soft drink during the day. The reason given by the State for the delay in delivering the juvenile to the detention facility was that fifteen pages of No. 1 police reports were being filled out and that this was time consuming, and also the taking of the Appellant before the magistrate was time consuming. The Appellant's point of error is that the trial Court erred in ruling that the rights provided Appellant under Section 52.02, Title 3, Texas Family Code, were not violated and in admitting Appellant's confession and evidence obtained as fruits of that confession into evidence. The case is before us on an agreed statement of facts in which it is agreed that the evidence is insufficient for a finding of delinquency without the confession and fruits of that confession being in evidence.
By Title 3 of the Family Code, the Legislature of this State has seen fit to set up a statutory procedure covering the arrest, trial, and disposition of those juveniles accused of delinquency. Police officers, Courts, and others involved in the handling of juveniles are bound to comply with the detailed and explicit procedures enacted by the Legislature in that Code.
Section 52.02, entitled "Release or Delivery to Court," provides:
"(a) A person taking a child into custody, without unnecessary delay and without first taking the child elsewhere, shall do one of the following:
"(1) release the child to his parent, guardian, custodian, or other responsible adult upon that person's promise to bring the child before the juvenile court when requested by the court;
"(2) bring the child before the office or official designated by the juvenile court;
"(3) bring the child to a detention facility designated by the juvenile court * * *."
Appellant contends that her detention from 12:30 o'clock p. m. until 10:20 o'clock p. m. while police reports were being prepared is clearly "unnecessary delay," that a police substation is clearly within the term "elsewhere," and that these violations of the above provisions made her confession and fruits thereof inadmissible in evidence. With that we agree because of another provision of the Family Code, Section 54.03(e). The portion of that Section applicable here provides:
"* * * An extrajudicial statement which was obtained without fulfilling the requirements of this title or of the constitution of this state or the United States, may not be used in an adjudication hearing. * * *"
We are of the opinion that the Court erred in admitting the confession taken in violation of Section 52.02. The judgment of the trial Court is reversed and the case is remanded to that Court for a new trial.