The time for filing the statement of facts in this case is extended only to March 15, 1979. We decline to consider, at this time, the question concerning the propriety of an order by this court summarily reversing the judgment below and remanding the case for a new trial on the ground that appellant has, for all practical purposes, been deprived of the right to be furnished with a statement of facts. Appellant has not suggested that we exercise the powers vested in this court by Article 1823, Tex.Rev.Civ. Stat.Ann. (Vernon 1964). We do consider it appropriate to note that Rule 376b(c) provides that in case of illness, press of official work, or unavoidable absence or disability of the official court reporter to perform the duties imposed on him by law, the presiding judge of the court may, in his discretion, authorize a deputy reporter to act in place of and perform the duties of the official reporter. Tex.R.Civ.P. It should also be noted that, in order to aid the judge in supervising the work of the court reporter, Rule 376c(b) provides that the court reporter shall submit to the judge monthly written reports reflecting the amount and nature of the business pending in the court reporter's office. Tex.R.Civ.P.

**In the Matter of R\_\_\_\_S\_\_\_\_, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12834.**

Court of Civil Appeals of Texas, Austin.

Dec. 20, 1978.

Fred A. Moore, Blundell & Moore, Lockhart, for appellant.

Edward L. Jarrett, County Atty., Caldwell County, Lockhart, for appellee.

PHILLIPS, Chief Justice.

The district court of Caldwell County waived its jurisdiction over the appellant R___S___ pursuant to Tex.Family Code Ann. § 54.02 (1975). Appellant is charged with attempted aggravated rape and kidnapping.

In its order of April 13, 1978, the trial court found that appellant was charged with a felony, that he was sixteen years of age at the time of the alleged offense, and that because of the seriousness of the offense, the welfare of the community required criminal proceedings.

We reverse the judgment of the trial court and remand the cause.

Appellant is before us on numerous points of error; however, our decision on whether his attorney was furnished access to certain reports is dispositive.

Section 54.02(e) provides in part:

"At the transfer hearing the court may consider written reports from probation officers, professional court employees, or professional consultants in addition to the testimony of witnesses. *At least one day prior to the transfer hearing*, the court *shall* provide the attorney for the child with access to all written matter to be considered by the court in making the transfer decision." (Emphasis added).

On March 23, 1978, a hearing was set concerning the transfer of appellant to district court for trial as an adult. The hearing was then reset until March 30, 1978. At that time, appellant's attorney, for the first time, learned of the existence of a written offense report and two other statements which were in the possession of the court. In fact, even appellee's counsel did not know that the court had a copy of the reports and appellee's attorney had not intended to furnish copies to either the court or to appellant's attorney.

Objection was made and overruled to the court's consideration of this material since copies had not been made available to appellant's attorney as required by section 54.02(e).

It has been held that rigid adherence to the governing statute is mandatory. See *In re J. R. C.*, 522 S.W.2d 579 (Tex.Civ.App. 1975, writ ref'd n. r. e.). The Supreme Court has held that compliance with section 54.02(b) notice requirements is mandatory. *Matter of W. L. C.*, 562 S.W.2d 454 (Tex. 1978) (*per curiam*). Likewise, it is a mandatory requirement of section 54.02(d) that the court order and obtain a diagnostic study and evaluation of the child. See *R. E. M. v. State*, 532 S.W.2d 645 (Tex.Civ. App.1975, no writ); *Moreno v. State*, 510 S.W.2d 116 (Tex.Civ.App.1974, writ ref'd n. r. e.).

We hold that appellant's attorney was not provided access to the written material as mandated by the Legislature. The re-

ports were not filed and there was no reason to suspect their existence. We do not hold that appellant's counsel should have been provided with copies.

The judgment of the trial court is reversed and the cause is remanded.

Reversed and Remanded.