779 S.W.2d 954 (1989)
In the Matter of J.T.H., Appellant.
No. 3-88-130-CV.
Court of Appeals of Texas, Austin.
November 1, 1989.
Rehearing Denied November 29, 1989.
*955 Thomas J. Gosset, San Angelo, for appellant.
Stephen H. Smith, Dist. Atty., Joseph Munoz, Asst. Dist. Atty., San Angelo, for appellee.
Before SHANNON, C.J., and GAMMAGE and JONES, JJ.
*956 PER CURIAM.
Appellant, a juvenile, appeals the order of adjudication and order of disposition of the trial court. A jury determined that appellant engaged in delinquent conduct, attempted capital murder and aggravated kidnapping. Tex.Pen.Code Ann. §§ 15.01 (Supp.1989), 19.03(a)(2), and 20.04(a)(3) (1989). The court subsequently rendered an order of disposition committing appellant to the Texas Youth Commission for a term not to exceed 20 years. Tex.Fam. Code Ann. §§ 53.045, 54.04(d)(3) (Supp. 1989).[1] Because the grand jury approved the petition charging appellant with delinquent conduct, he may be transferred to the Department of Corrections at age 18 to serve the remainder of his sentence. Id.; Tex.Hum.Res.Code Ann. § 61.084(b) (Supp. 1989).
The offense occurred during the early morning hours of January 17, 1988. Appellant, carrying a loaded shotgun and extra shells, broke into his next-door neighbor's house. He was confronted by the owner of the house, Mrs. Brenda Westbrook, who had armed herself with a pistol. Appellant announced that he had come for Westbrook's daughter, Ashley. Westbrook fired a warning shot and then appellant fired, hitting Westbrook in the chest. Appellant demanded the car keys from Ashley, took Westbrook's pistol from the floor, and ordered Ashley into the car at gunpoint. As appellant was backing out of the driveway, he was apprehended by police officers.
In points of error one and two, appellant challenges the constitutionality and legality of the statutes which authorized his disposition, §§ 53.045 and 54.04 (1986 and Supp. 1989). These sections are part of the "determinate sentencing law" under which juveniles who have been adjudicated delinquent for one of six enumerated offenses can receive a determinate sentence of up to 30 years' confinement, with a transfer from the Youth Commission to the Department of Corrections at age eighteen.
Appellant first contends that § 54.04(d)(3) (Supp.1989) allows a juvenile to be imprisoned without the constitutionally required presentment of an indictment. U.S. Const. amend. V; Tex. Const. Ann. art. I, § 10 (1984). This Court has previously rejected the argument that the use of a petition violates the requirement of an indictment under the Texas Constitution. In the Matter of R.L.H., 771 S.W.2d 697 (Tex.App.1989, writ filed). Because the federal constitutional guarantee of an indictment does not apply to the states, the use of a petition does not violate that guarantee. Petner v. State, 5 S.W. 210 (Tex.Ct. App.1887).
Appellant also argues that the use of a petition and certificate of approval under § 53.045 (Supp.1989) violates the statutory requirements for an indictment. Tex.Code Cr.P.Ann. arts. 20.09 (1977), 21.01, 21.02, and 21.16 (1989). We reject this argument because, in enacting § 53.045, the legislature was exercising its explicit constitutional authority to provide for the practice and procedures relating to the use of indictments. Tex. Const. Ann. art. V, § 12(b) (Supp.1989); In the Matter of R.L.H., supra.
Appellant claims that the determinate sentencing provisions of § 54.04(d) and (e) (1986 and Supp.1989) violate his rights to state and federal equal protection. U.S. Const. amend. XIV; Tex. Const. Ann. art. I, §§ 3, 29 (1984). Section 54.04(d) and (e) describe the dispositions which may be made of a juvenile adjudicated delinquent. We hold that because the determinate sentencing statutes further a compelling state interest, they do not violate appellant's right to equal protection. In the Matter of R.L.H., supra.
Appellant further claims that § 54.04(d) and (e) violate state and federal due process because they do not provide the same guarantees given to criminal defendants or to juveniles in proceedings to transfer jurisdiction to district court under § 54.02 (1986 and Supp.1989). U.S. Const. amends. V, XIV; Tex. Const. Ann. art. I, *957 §§ 19, 29 (1984). By comparing the treatment of various groups, appellant has cast his due process argument in equal protection terms and has thereby waived it in this appeal. In the Matter of R.L.H., supra.
Appellant asserts that § 54.04(c) (Supp.1989) denies his right to due process under the state and federal constitutions because the finding it mandates is required neither to be made beyond a reasonable doubt nor by any other standard. U.S. Const. amends. V, XIV; Tex. Const. Ann. art. I, §§ 19, 29 (1984). Section 54.04(c) provides that before the trial court makes a disposition of a child, it must find that the child needs rehabilitation or that the protection of the public or the child requires a disposition.
Appellant has cited no authority supporting this contention and we find none. However, we note that the full array of constitutional due process rights applies only to the adjudication hearing. Tyler v. State, 512 S.W.2d 46 (Tex.Civ.App.1974, no writ); see Strange v. State, 616 S.W.2d 951 (Tex.Civ.App.1981, no writ). Due process is satisfied in the disposition hearing when the juvenile is represented by counsel, has full opportunity to cross-examine and present witnesses, and is fully aware of the nature of the proceedings. In the Matter of A.B.R., 596 S.W.2d 615 (Tex.Civ.App. 1980, writ ref'd n.r.e.). None of these elements is denied by § 54.04(c). Additionally, the findings made under § 54.04(c) are subject to review for sufficient evidence to support them. See, e.g., K.K.H. v. State, 612 S.W.2d 657 (Tex.Civ.App.1981, no writ); In the Matter of E.F., 535 S.W.2d 213 (Tex. Civ.App.1976, no writ). We hold that § 54.04(c) satisfies due process under both the state and federal constitutions.
Appellant also contends that § 54.04(c) denies juveniles equal protection under the state and federal constitutions. U.S. Const. amend. XIV; Tex. Const. Ann. art. I, § 3, 29 (1984). We reject this argument because, rather than placing juveniles at a disadvantage compared to adult criminal defendants, the statute places an extra burden on the State when seeking disposition of juveniles. In the criminal justice system, a finding of guilt automatically leads to sentencing. However, in the juvenile justice system, an adjudication of delinquency does not lead to disposition unless the court or jury first makes the necessary findings. If the court or jury does not make the findings, "the court shall dismiss the child and enter a final judgment without any disposition." § 54.04(c). The statute is designed to give juveniles adjudicated delinquent added protection by requiring a finding that disposition is necessary; therefore, it does not deny the right to state and federal equal protection.
Appellant next claims that § 54.04(d)(3) (Supp.1989) is unconstitutionally vague. That section gives the option, under specified conditions, of sentencing the child "to commitment in the Texas Youth Commission with a transfer to the Texas Department of Corrections for any term of years not to exceed 30 years." Appellant complains that the section could be read to authorize a term of years to be split between commitment to the Youth Commission and the Department of Corrections, or a term of years to be served in the Department of Corrections alone.
We believe the logical way to interpret the section is that the term of years set by the court or jury includes both the time spent in the Commission and the time spent in the penitentiary. This approach is supported by considering other provisions of the determinate sentencing scheme. Under Tex.Hum.Res.Code Ann. § 61.084(b)(1) (Supp.1989), a person committed to the Commission under a determinate sentence will be transferred to the Department of Corrections only if he has not completed his sentence before his 18th birthday. Under § 54.11(h)(2) (Supp.1989), after a release hearing has been held, the court may order a person transferred to the Department of Corrections "for the completion of the person's determinate sentence"; this implies that the determinate sentence does not begin upon transfer to the penitentiary, but that the term served in the penitentiary complements the term served in the Commission. We hold that § 54.04(d)(3) is not unconstitutionally vague.
*958 Appellant lastly argues that § 54.04(d)(3) violates the laws of the State of Texas because it operates as an indeterminate sentencing statute. We find no merit to this contention because appellant has not articulated the manner in which the statute violates any existing state law. We overrule points of error one and two.
In point of error three, appellant contests the use at trial of his written statement, claiming that his inadmissible oral statement rendered the later written statement involuntary within the meaning of the due process clause. Appellant asserts that his oral statement was inadmissible because it was taken in violation of § 51.09 (1986). Section 51.09(b)(2) requires that an oral statement by a juvenile lead to corroborating evidence. Appellant's oral statement was not introduced at trial.
After appellant was taken into custody at the scene of the offense, Officer Swick transported him to the juvenile justice center. Swick, an investigator for the juvenile section of the city police department, read appellant his Miranda rights.[2] He then interviewed appellant for 20 minutes about the offense, after which he contacted a magistrate to give appellant the warnings required for a written statement. See § 51.09(b)(1) (1986).
The judge gave the warning to appellant from 3:05 to 3:15 a.m., at which time Swick began taking the written statement from appellant. The statement was completed at 3:57 a.m. The judge went over the statement with appellant and appellant signed it at 4:15 a.m. In the written statement, appellant narrated the events of the offense and explained his reasons for committing it. Swick testified that the written statement did not differ from the oral statement except as to appellant's intention in forcing Ashley Westbrook into the car with him.
The effect of giving a statement which is statutorily inadmissible on the voluntariness of a subsequent statement is determined from the totality of the circumstances. Griffin v. State, 765 S.W.2d 422 (Tex.Cr.App.1989). Generally, the State carries the burden of proving that a confession was given voluntarily under the federal due process clause. Id.
In this case, the State established that appellant voluntarily gave the written statement. Before he gave it, the judge, outside the presence of any police officer, fully advised appellant of his rights. The judge explained the meaning of each right in his own words, asked appellant if he understood it, and awaited a verbal response from appellant before proceeding. The judge then went through the warnings a second time with appellant. He testified that he had no doubt that appellant understood them. After the written statement was taken, the judge, again outside the presence of any police officer, read the statement to appellant, then had appellant read it himself and initial any errors. The judge asked appellant if the statement was true and correct before appellant signed it. The judge testified to his opinion that appellant understood the nature and contents of the statement and that he knowingly and voluntarily waived his rights in making it.
Appellant does not claim that his initial oral statement was involuntary. Before appellant gave the oral statement, Officer Swick read appellant his Miranda rights, stopping after each one to ask whether appellant understood. Officer Swick testified that he believed appellant understood what he was saying. Appellant signed the card from which Swick read his rights to show that he understood them, and when Swick asked appellant if he wanted to talk, appellant said, "Yes." Appellant also wrote on the card, "Yes, I want to talk," the date, and the time, 2:30 a.m. Thus, appellant was warned in accordance with Miranda and there is no showing that appellant's waiver of his Miranda rights was coerced. The inadmissibility of the oral statement results from statutory noncompliance, not from involuntariness.
Appellant offered no evidence that giving the oral statement overcame his resolve not to speak further, and no presumption exists *959 that the first statement had that effect. Griffin, 765 S.W.2d at 430. In this situation, proof of proper warnings preceding the subsequent written statement and the juvenile's apparent willingness, under the totality of the circumstances, to waive his rights following the warnings will fulfill the State's burden to show voluntariness. Id. Before making the written statement, appellant received thorough warnings, and, under the totality of the circumstances, including appellant's signing the statement without duress and in the presence of only the judge, appellant's waiver appears voluntary. The State is thus absolved of proving the admissibility of the oral statement. Id. We hold that the trial court properly admitted appellant's written statement at trial.
Appellant alternatively alleges that his written statement was inadmissible because § 51.09 is unconstitutional. Appellant asserts that the required warnings do not include a warning that, if prosecuted under the determinate sentencing provisions of the Family Code, a juvenile could be committed to the Youth Commission with a transfer to the Department of Corrections for a term of up to 30 years.[3] Appellant cites no authority for his argument.
The lack of a requirement that such a warning be given creates no class of unwarned persons as distinguished from a class which receives the warning. Without some classification, no equal protection analysis is implicated. Further, the absence of such a warning does not deny the fundamental due process requirements of notice and hearing. See Cunningham v. Parkdale Bank, 660 S.W.2d 810 (Tex.1983). Considering that the warnings that § 51.09(b)(1) requires exceed those required under the federal constitution, see Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), we cannot agree that the lack of such warning is unconstitutional. We overrule appellant's third point of error.
In point of error six, appellant asserts that the trial court failed to state specifically in the disposition order its reasons for the disposition contrary to § 54.04(f) (1986). The court justified its disposition committing appellant to the Youth Commission as follows:
Considering the seriousness of the offense, all the circumstances surrounding the offense and the protection of the public, it is in the child's best interest to be placed outside the home.
The trial court, in the order, also made the general recitals required for disposition by § 54.04(c) (Supp.1989) and set out the details of the delinquent conduct.
Neither the statutory recitals nor a description of the delinquent conduct, in itself, would qualify as a specific reason for disposition. In the Matter of A.N.M., 542 S.W.2d 916 (Tex.Civ.App.1976, no writ); J.L.E. v. State, 571 S.W.2d 556 (Tex.Civ. App.1978, no writ); but see K.W.H. v. State, 596 S.W.2d 248 (Tex.Civ.App.1980, no writ). But the court also assessed the offense as serious enough to support commitment; the court likewise mentioned the circumstances surrounding the offense, which would include appellant's using a deadly weapon to abduct Ashley Westbrook. Finally, the court listed protection of the public as a factor, apart from reciting it earlier in the order as a prerequisite to disposition. We believe that all these elements in the order, taken together, constitute specific reasons for the court's disposition of appellant.
Appellant also argues that the trial court failed to include in its disposition order the findings required by § 54.04(g) (Supp.1989).[4] The section in question provides:

*960 If the court places the child on probation outside his home or commits the child to the Texas Youth Commission, the court shall include in its order its determination whether:
(1) It is in the child's best interest to be placed outside his home; and
(2) reasonable efforts were made to prevent or eliminate the need for the child's removal from the home and to make it possible for the child to return to his home.
The court did state in its order that it was in the child's best interest to be placed outside the home, but it made no finding on whether efforts were made to keep the child at home.
In general, compliance with the procedures enacted by the Legislature in Title 3 of the Family Code is mandatory. In the Matter of R.S., 575 S.W.2d 641 (Tex.Civ. App.1978, no writ); In the Matter of D.M. G.H., 553 S.W.2d 827 (Tex.Civ.App.1977, no writ); In the Matter of J.R.C., 522 S.W.2d 579 (Tex.Civ.App.1975, writ ref'd n.r.e.). At the disposition hearing, the juvenile court must adhere to the requirements of § 54.04(f) (Supp.1989) by stating specific reasons for disposition. In the Matter of N.S.D., 555 S.W.2d 807 (Tex.Civ.App.1977, no writ); In the Matter of T.R.W., 533 S.W.2d 139 (Tex.Civ.App.1976, no writ). In a proceeding to waive jurisdiction and transfer a juvenile to district court, the requirement that the court determine that there is probable cause to believe that the child has committed the offense alleged is mandatory. § 54.02(a)(3) (Supp.1989); R.P. v. State, 759 S.W.2d 181 (Tex.App.1988, no writ).
The requirement that the trial court determine whether efforts were made to keep the child in the home appears designed to effectuate § 51.01(4) (1986). That section requires that Title 3 be construed to achieve its purposes "in a family environment whenever possible, separating the child from his parents only when necessary for his welfare or in the interest of public safety...."
By omitting its determination concerning efforts to keep appellant in the home, the trial court failed to comply with § 54.04(g) (Supp.1989). We therefore affirm that part of the trial court's judgment adjudicating that appellant engaged in delinquent conduct. We reverse the trial court's order of disposition and remand the cause for further proceedings. See R.P. v. State, supra.
NOTES
[1] All statutory references are to Tex.Fam.Code Ann. unless otherwise indicated.
[2] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[3] The 71st Legislature amended § 51.09 to add to the warnings required under (b)(1) the warning that the child may be sentenced to commitment in the Youth Commission with a transfer to the Department of Corrections for a term not to exceed 30 years if the child is found to have engaged in specified delinquent conduct. 1989 Tex.Sess.Law Serv., ch. 84, § 1.
[4] Appellant refers to the version of subsection (g) which was enacted as 1987 Tex.Gen.Laws, ch. 1052, § 6.11. Although two different versions of § 54.04(g) were enacted in 1987, see also 1987 Tex.Gen.Laws, ch. 385, § 9, we construe the bills as one act which includes the provisions of each. Shults v. State, 696 S.W.2d 126 (Tex.App.1985, writ ref'd n.r.e.). The subsection (g) at issue in this cause has now been renumbered as § 54.04(i). 1989 Tax.Sess.Law Serv., ch. 2, § 16.01(17).