# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-05-00165-CV

**In the Matter of O.M.**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT**
**NO. J-21,983, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

O.M. appeals from the district court's order committing him to the custody of the Texas Youth Commission (TYC). O.M. argues that the commitment order is deficient because it does not specifically state the reasons for modifying the original order and that the court abused its discretion by committing him to TYC. *See* Tex. Fam. Code Ann. § 54.05 (West Supp. 2006). We hold that the district court did not abuse its discretion and affirm the order of commitment.

## BACKGROUND

On May 22, 2002, O.M. was placed on probation for unauthorized use of a motor vehicle. One month later, O.M. was detained for theft and was subsequently ordered to undergo ten months of Intensive Supervision Probation[1] with Project Spotlight. After continuing to violate his probation, O.M. was moved to the Travis County Leadership Academy (TCLA) in January 2003.

---

[1] Intensive Supervision Probation is a program that provides increased supervision services and monitoring as an alternative for juveniles who require a higher level of supervision than juveniles receiving standard probation services. These programs require frequent reporting to a probation officer who carries a reduced caseload.

O.M. then absconded from the TCLA Halfway House for approximately seven months until he was detained for failure to identify himself and other probation violations committed when he was involved in an automobile collision. After this incident, the probation department recommended that O.M. be placed in TYC, but the juvenile court returned him to Intensive Supervision Probation and ordered him to attend classes at American Youthworks.

One condition of O.M.'s probation was that he could not leave Travis County without his probation officer's approval. On February 20, 2005, O.M. left Travis County and drove to San Antonio without notifying his probation officer. On the way, O.M. was arrested on the misdemeanor charges of driving without a license and failure to identify. *See* Tex. Pen. Code Ann. § 38.02(b) (West Supp. 2006); Tex. Transp. Code Ann. § 521.025 (West Supp. 2006).

On February 28, 2005, the State filed a motion to modify disposition. The motion alleged that O.M. violated the terms of his probation when he left Travis County without notifying his probation officer. The motion also alleged that O.M. violated his probation by not being inside his residence every day after curfew and by failing to attend classes at American Youthworks. The State waived these latter two grounds at the hearing, and O.M. admitted leaving Travis County without notifying his probation officer. The juvenile court then heard evidence regarding sentencing.

O.M.'s probation officer testified that O.M. was currently employed and that his supervisor recently sent a letter stating that O.M. had a positive attitude and good customer service skills. She additionally testified that O.M. told her that his girlfriend was pregnant and that he was planning to support the baby. He was also considering enrolling in a GED program. She stated that the probation department had used all the resources it had available to help O.M., including Project

2

Spotlight, the TCLA, and American Youthworks. Each time O.M. was given another chance, he had violated the terms of his probation. Therefore, a probation department committee unanimously agreed that the only avenue left for O.M. was commitment to TYC.

The district court noted O.M.'s history of noncompliance and determined that commitment to TYC would be best for O.M. and the community. The district court committed O.M. to TYC for an indeterminate amount of time, not to extend past O.M.'s 21st birthday.[2] The district court's order stated in part:

> That among said terms and conditions of probation were the following: Rule #6–"Notify your assigned Probation Officer by telephoning [number omitted], or the Officer's direct telephone number before making any change of address, telephone, school, or employment, or before leaving the limits of Travis County." The child violated this rule of probation, to-wit: The said child on February 20, 2005, left Travis County without Probation Officer's permission. The Court further finds that the Respondent remains in need of rehabilitation and that for the protection of the public and of the child, a modification of the prior disposition must be made.

This appeal followed.

## DISCUSSION

O.M. brings two issues on appeal. First, he contends that the district court's order modifying his disposition is deficient because it does not specifically state the reasons for modification. *See* Tex. Fam. Code Ann. § 54.05(i). Second, he argues that the juvenile court abused its discretion in committing him to TYC.

---

[2] At the time of the hearing, O.M. was seventeen years old.

**Specificity of the Order**

In his first issue, O.M. insists that the juvenile court erred by merely quoting statutory language and not specifically stating the reasons for its modifications of the prior order. Section 54.05(i) of the Texas Family Code states that the "court shall specifically state in the order its reasons for modifying the disposition." *Id.* The purpose of this requirement is to ensure that the child has notice of the court's reasoning so he can determine if he should challenge the order on appeal. *In re J.R.*, 907 S.W.2d 107, 110 (Tex. App.—Austin 1995, no writ). The requirement also creates a record for the appellate court to determine whether the evidence supports the court's order and if the findings are sufficient to justify the disposition. *In re L.R.*, 67 S.W.3d 332, 336-37 (Tex. App.—El Paso 2001, no pet.). Therefore, merely reciting statutory language will not be sufficient to justify a court's ruling. *In re J.T.H.*, 779 S.W.2d 954, 959 (Tex. App.—Austin 1989, no writ). However, statutory language supplemented by additional findings is sufficient to meet the requirements of the family code. *See In re P.L.*, 106 S.W.3d 334, 338 (Tex. App.—Dallas 2003, no pet.) (order tracking language of section 54.05 and explaining court's reasons was appropriate). This Court has held that the inclusion of the offense and its surrounding circumstances in an order consisting of mainly statutory language is sufficient. *In re J.T.H.*, 779 S.W.2d at 959.

Here, in addition to repeating statutory language, the district court specifically described the conditions of O.M.'s probation and how O.M. violated those conditions. These findings are sufficient to satisfy the requirements of section 54.05(i). *See* Tex. Fam. Code Ann. § 54.05(i). Additionally, the district court's findings were supported by O.M.'s admission, evidence of multiple probation violations, and the recommendation of the probation department. We overrule O.M.'s first issue.

**Commitment to TYC**

In his second issue, O.M. contends that the juvenile court abused its discretion by committing him to TYC. O.M. claims that the district court's decision was arbitrary and unreasonable because his latest violations were minor, he only had three months left on his probation, and the commitment does not conform with the goals of the juvenile justice code.

A court has the authority to modify a disposition order if it finds by a preponderance of the evidence that the child violated a reasonable and lawful order of the court. *Id.* § 54.05(f). Juvenile courts have broad discretion in determining the disposition for children who have engaged in delinquent conduct. *In re A.I.*, 82 S.W.3d 377, 379-80 (Tex. App.—Austin 2002, pet. denied). We review the district court's ruling for an abuse of discretion. *In re M.S.*, 940 S.W.2d 789, 791 (Tex. App.—Austin 1997, no writ). To determine if the district court abused its discretion, we examine whether the district court acted arbitrarily or unreasonably or without reference to guiding rules. *In re C.L.*, 874 S.W.2d 880, 886 (Tex. App.—Austin 1994, no writ). We may not reverse under this standard if the decision was within the court's authority even if we disagree with the decision. *Id.*

Whenever possible, rehabilitation should occur in a family environment. *See* Tex. Fam. Code Ann. § 51.01(5) (West 2002). Nevertheless, when there is a history of delinquent behavior and a juvenile refuses to obey authority, commitment to an institution outside of the family may be appropriate for the child's welfare and the interest of public welfare. *See id.* After being placed on probation, O.M. violated the rules of his probation numerous times. These violations led to O.M. being moved to the TLCA. After violating his probation again, O.M. faced the possibility of being committed to TYC. Despite the recommendation of the probation department to place him

in TYC, O.M. was given another chance by the district court. He was placed on Intensive Supervision Probation and given the opportunity to attend American Youthworks. Despite numerous "second chances," O.M. repeatedly violated the conditions of his probation. O.M. acknowledges that the evidence was factually and legally sufficient to find that he violated the conditions of his probation. Therefore, section 54.05(f) authorized the district court to commit him to TYC. *See id*. § 54.05(f). O.M.'s continued delinquency and his repeated violations of his probation made it reasonable for the district court to determine that TYC was the most effective way to protect the public and rehabilitate O.M. *See id.* We conclude that the district court did not abuse its discretion by committing O.M. to TYC. We overrule O.M.'s second issue.

## CONCLUSION

Because we have overruled both of O.M.'s issues, we affirm the district court's order.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Pemberton and Waldrop

Affirmed

Filed: October 25, 2006

6