TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-05-00165-CV






In the Matter of O.M.






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT

NO. J-21,983, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N



 O.M. appeals from the district court's order committing him to the custody of the Texas
Youth Commission (TYC). O.M. argues that the commitment order is deficient because it does not
specifically state the reasons for modifying the original order and that the court abused its discretion by
committing him to TYC. See Tex. Fam. Code Ann. § 54.05 (West Supp. 2006). We hold that the district
court did not abuse its discretion and affirm the order of commitment.


BACKGROUND


 On May 22, 2002, O.M. was placed on probation for unauthorized use of a motor vehicle. 
One month later, O.M. was detained for theft and was subsequently ordered to undergo ten months of
Intensive Supervision Probation (1) with Project Spotlight. After continuing to violate his probation, O.M.
was moved to the Travis County Leadership Academy (TCLA) in January 2003. O.M. then absconded
from the TCLA Halfway House for approximately seven months until he was detained for failure to identify
himself and other probation violations committed when he was involved in an automobile collision. After
this incident, the probation department recommended that O.M. be placed in TYC, but the juvenile court
returned him to Intensive Supervision Probation and ordered him to attend classes at American
Youthworks. 

 One condition of O.M.'s probation was that he could not leave Travis County without his
probation officer's approval. On February 20, 2005, O.M. left Travis County and drove to San Antonio
without notifying his probation officer. On the way, O.M. was arrested on the misdemeanor charges of
driving without a license and failure to identify. See Tex. Pen. Code Ann. § 38.02(b) (West Supp. 2006);
Tex. Transp. Code Ann. § 521.025 (West Supp. 2006).

 On February 28, 2005, the State filed a motion to modify disposition. The motion alleged
that O.M. violated the terms of his probation when he left Travis County without notifying his probation
officer. The motion also alleged that O.M. violated his probation by not being inside his residence every
day after curfew and by failing to attend classes at American Youthworks. The State waived these latter
two grounds at the hearing, and O.M. admitted leaving Travis County without notifying his probation
officer. The juvenile court then heard evidence regarding sentencing. 

 O.M.'s probation officer testified that O.M. was currently employed and that his supervisor
recently sent a letter stating that O.M. had a positive attitude and good customer service skills. She
additionally testified that O.M. told her that his girlfriend was pregnant and that he was planning to support
the baby. He was also considering enrolling in a GED program. She stated that the probation department
had used all the resources it had available to help O.M., including Project Spotlight, the TCLA, and
American Youthworks. Each time O.M. was given another chance, he had violated the terms of his
probation. Therefore, a probation department committee unanimously agreed that the only avenue left for
O.M. was commitment to TYC.

 The district court noted O.M.'s history of noncompliance and determined that commitment
to TYC would be best for O.M. and the community. The district court committed O.M. to TYC for an
indeterminate amount of time, not to extend past O.M.'s 21st birthday. (2) The district court's order stated
in part: 


That among said terms and conditions of probation were the following: Rule #6-"Notify
your assigned Probation Officer by telephoning [number omitted], or the Officer's direct
telephone number before making any change of address, telephone, school, or
employment, or before leaving the limits of Travis County." The child violated this rule of
probation, to-wit: The said child on February 20, 2005, left Travis County without
Probation Officer's permission. The Court further finds that the Respondent remains in
need of rehabilitation and that for the protection of the public and of the child, a
modification of the prior disposition must be made. 



This appeal followed.


DISCUSSION

 O.M. brings two issues on appeal. First, he contends that the district court's order
modifying his disposition is deficient because it does not specifically state the reasons for modification. See
Tex. Fam. Code Ann. § 54.05(i). Second, he argues that the juvenile court abused its discretion in
committing him to TYC. 


Specificity of the Order

 In his first issue, O.M. insists that the juvenile court erred by merely quoting statutory
language and not specifically stating the reasons for its modifications of the prior order. Section 54.05(i)
of the Texas Family Code states that the "court shall specifically state in the order its reasons for modifying
the disposition." Id. The purpose of this requirement is to ensure that the child has notice of the court's
reasoning so he can determine if he should challenge the order on appeal. In re J.R., 907 S.W.2d 107,
110 (Tex. App.--Austin 1995, no writ). The requirement also creates a record for the appellate court to
determine whether the evidence supports the court's order and if the findings are sufficient to justify the
disposition. In re L.R., 67 S.W.3d 332, 336-37 (Tex. App.--El Paso 2001, no pet.). Therefore, merely
reciting statutory language will not be sufficient to justify a court's ruling. In re J.T.H., 779 S.W.2d 954,
959 (Tex. App.--Austin 1989, no writ). However, statutory language supplemented by additional findings
is sufficient to meet the requirements of the family code. See In re P.L., 106 S.W.3d 334, 338 (Tex.
App.--Dallas 2003, no pet.) (order tracking language of section 54.05 and explaining court's reasons was
appropriate). This Court has held that the inclusion of the offense and its surrounding circumstances in an
order consisting of mainly statutory language is sufficient. In re J.T.H., 779 S.W.2d at 959. 

 Here, in addition to repeating statutory language, the district court specifically described
the conditions of O.M.'s probation and how O.M. violated those conditions. These findings are sufficient
to satisfy the requirements of section 54.05(i). See Tex. Fam. Code Ann. § 54.05(i). Additionally, the
district court's findings were supported by O.M.'s admission, evidence of multiple probation violations, and
the recommendation of the probation department. We overrule O.M.'s first issue. 

Commitment to TYC


 In his second issue, O.M. contends that the juvenile court abused its discretion by
committing him to TYC. O.M. claims that the district court's decision was arbitrary and unreasonable
because his latest violations were minor, he only had three months left on his probation, and the commitment
does not conform with the goals of the juvenile justice code.

 A court has the authority to modify a disposition order if it finds by a preponderance of the
evidence that the child violated a reasonable and lawful order of the court. Id. § 54.05(f). Juvenile courts
have broad discretion in determining the disposition for children who have engaged in delinquent conduct. 
In re A.I., 82 S.W.3d 377, 379-80 (Tex. App.--Austin 2002, pet. denied). We review the district court's
ruling for an abuse of discretion. In re M.S., 940 S.W.2d 789, 791 (Tex. App.--Austin 1997, no writ). 
To determine if the district court abused its discretion, we examine whether the district court acted
arbitrarily or unreasonably or without reference to guiding rules. In re C.L., 874 S.W.2d 880, 886 (Tex.
App.--Austin 1994, no writ). We may not reverse under this standard if the decision was within the
court's authority even if we disagree with the decision. Id. 

 Whenever possible, rehabilitation should occur in a family environment. See Tex. Fam.
Code Ann. § 51.01(5) (West 2002). Nevertheless, when there is a history of delinquent behavior and a
juvenile refuses to obey authority, commitment to an institution outside of the family may be appropriate
for the child's welfare and the interest of public welfare. See id. After being placed on probation, O.M.
violated the rules of his probation numerous times. These violations led to O.M. being moved to the
TLCA. After violating his probation again, O.M. faced the possibility of being committed to TYC. Despite
the recommendation of the probation department to place him in TYC, O.M. was given another chance
by the district court. He was placed on Intensive Supervision Probation and given the opportunity to attend
American Youthworks. Despite numerous "second chances," O.M. repeatedly violated the conditions of
his probation. O.M. acknowledges that the evidence was factually and legally sufficient to find that he
violated the conditions of his probation. Therefore, section 54.05(f) authorized the district court to commit
him to TYC. See id. § 54.05(f). O.M.'s continued delinquency and his repeated violations of his
probation made it reasonable for the district court to determine that TYC was the most effective way to
protect the public and rehabilitate O.M. See id. We conclude that the district court did not abuse its
discretion by committing O.M. to TYC. We overrule O.M.'s second issue. 


CONCLUSION


 Because we have overruled both of O.M.'s issues, we affirm the district court's order.




 


 W. Kenneth Law, Chief Justice


Before Chief Justice Law, Justices Pemberton and Waldrop


Affirmed


Filed: October 25, 2006
1. Intensive Supervision Probation is a program that provides increased supervision services and
monitoring as an alternative for juveniles who require a higher level of supervision than juveniles receiving
standard probation services. These programs require frequent reporting to a probation officer who carries
a reduced caseload.
2. At the time of the hearing, O.M. was seventeen years old.